UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES M. HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br><br>    Defendants. | Case No. 3:16-cv-02371-JCS<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>Re: Dkt. No. 54 |

## I.    INTRODUCTION

Plaintiff Mercedes M. Harrison filed the present action seeking judicial review of the denial of her application for Social Security Disability Insurance benefits by Defendant Commissioner of Social Security. Compl. (dkt. 1); *see* 42 U.S.C. § 405(g). Subsequently, the parties stipulated—pursuant to the terms of a class action settlement agreement reached in *Hart v. Colvin*, No. 4:15-cv-00623-JST (N.D. Cal.)—that the Commissioner's decision be reversed and that Ms. Harrison's case be remanded to the agency for further proceedings. Stipulation (dkt. 43). The Court approved the stipulation, remanded the case, and entered judgment for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). Remand Order (dkt. 44); Judgment (dkt. 45). On remand, Ms. Harrison was awarded past-due benefits, and Ms. Harrison's counsel, Josephine M. Gerrard, now files a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the work that she performed on remand at the administrative level. Mot. (dkt. 54). For the reasons below, the motion is DENIED.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Dkts. 6, 10.

## II.  BACKGROUND

### A.  Procedural History

On May 2, 2016, Ms. Harrison filed the present action seeking judicial review of the denial of her application for Social Security Disability Insurance benefits.  Compl.; *see* 42 U.S.C. § 405(g).  Subsequently, in *Hart v. Colvin*, 4:15-cv-00623-JST, the court approved a class action settlement agreement between the Commissioner and a class of persons who had been examined by Frank Chen, M.D., and whose claims for benefits had been denied, terminated, or partially denied after the Social Security Administration had relied on consultative examination reports prepared by Dr. Chen.  *See Hart* dkts. 79-1 (*Hart* settlement agreement); 88 (order approving settlement agreement); 90 (amendments to order approving settlement agreement).  On January 3, 2018, after Ms. Harrison received a *Hart* settlement notice, the parties stipulated, pursuant to the terms the settlement agreement, that the Commissioner's decision be reversed and that Ms. Harrison's case be remanded to the agency for further proceedings.[2]  Stipulation.  On January 5, 2018, the Court approved the stipulation, remanded the case, and entered judgment for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  Remand Order; Judgment.  On March 28, 2018, the Court also approved the parties' subsequent stipulation that Ms. Gerrard be awarded $6,000 in attorney's fees and costs under the EAJA, 28 U.S.C. § 2412(a), (d).  Dkts. 47 (stipulation), 48 (order approving stipulation).

On remand, Ms. Harrison was awarded past-due benefits totaling $224,117 for the period of July 2010 through November 2018.  *See* dkt. 49 at 2 & n.1; *see id.* Ex. C (award letter) at 3.  On March 11, 2019, the Court granted Ms. Gerrard's unopposed motion for attorney's fees pursuant to a contingency fee agreement for the work that she had performed before this Court between April 29, 2016 and January 5, 2018.  Dkt. 53; *see generally* 42 U.S.C. § 406(b); *see also* dkts. 49–52.  After offsetting the $6,000 previously awarded under the EAJA, the Court awarded $23,700 in fees.  Dkt. 53.

---

[2]  Ms. Harrison was examined by Dr. Chen on November 14, 2011, and the Administrative Law Judge had "afforded weight" to Dr. Chen's consultative examination report.  Stipulation at 2.

2

**B.     Motion**

In the present motion, Ms. Gerrard requests a fee award of $63,113 under the EAJA, 28 U.S.C. § 2412(d), for the work she performed on remand before the agency between January 21, 2018 and February 2, 2020.[3]

For support, Ms. Gerrard cites *Shalala v. Schaefer*, 509 U.S. 292 (1993), for the proposition that remand proceedings at the administrative level are reimbursable under the EAJA when a court has ordered the remand and "retain[ed] a continuing jurisdiction pending the Commissioner's decision on a claimant's right to benefits." *Id.* at 3–4. Ms. Gerrard then argues that the "court in the *Hart* case retained jurisdiction over [Ms. Harrison's] case" because Ms. Harrison is member of the *Hart* class. *Id.* at 3. For support, she quotes the following passage of the *Hart* court's order approving the *Hart* settlement agreement: "The Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class members, and Defendants for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Judgment." *Id.* (quoting *Hart* dkt. 88 at 5). Additionally, Ms. Gerrard argues that she should be reimbursed for her work on remand because Ms. Harrison's case is a "dual remand" under sentence four *and* sentence six of 42 U.S.C. § 405(g). *Id.* at 4–5 (citing *Zlotoff v. Comm'r of Soc. Sec. Admin.*, No. CV-19-02829-PHX (JAT), 2020 WL 4016223, at *9 n.10 (D. Ariz. July 16, 2020)). Specifically, she contends that Ms. Harrison's case is a sentence-six remand "because the district court learned of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed that proceeding or

---

[3] Ms. Gerrard's resume and an invoice are attached to the motion. Mot. at 38 (resume), 42–44 (invoice).
    In the "declaration" portion of the motion, Ms. Gerrard states, "I ask that the court order attorney fees paid by the government pursuant to the Equal Access to Justice Act in the amount of *$63,113* for the legal work *performed at the Administrative level*." *Id.* at 8 (italics added). Ms. Gerrard also states, "The hours I spent representing [Ms. Harrison] before *this court* if compensable at $205 per hour, the maximum allowed under the EAJA (without the court considering some special factor), would total *$63,113*." *Id.* (italics added).
    Meanwhile, the attached invoice indicates that Ms. Gerrard's fees for the work she performed on remand amount to *$63,058.58* for 283.3 hours of work at rates of and $201.60 per hour (for work performed in 2018) and $205.25 per hour (for work performed in 2019). *Id.* at 42–44.
    Because the Court denies Ms. Gerrard's motion, it does not address these discrepancies.

3

1   outcome" and "[t]he Commissioner is required to report back to the court regarding the remanded
2   hearings." *Id.* at 4 (citing *Sullivan v. Hudson*, 490 U.S. 877 (1989); *Melkonyan v. Sullivan*, 501
3   U.S. 89 (1991)).

### C. Opposition

The Commissioner agrees that remand proceedings at the administrative level are reimbursable under the EAJA when a court has ordered a remand pursuant to sentence six of 42 U.S.C. § 405(g). Opp'n (dkt. 56) at 2 (citing *Shalala*, 509 U.S. 292). Because the Court ordered its remand pursuant to sentence four, however, the Commissioner argues that the remand constituted a "final judgment" and that the Court did not otherwise retain jurisdiction over Ms. Harrison's case. *Id.* (citing *Shalala*, 509 U.S. 292; HALLEX I-1-2-91). The Commissioner distinguishes *Zlotoff*, a case cited by Ms. Gerrard that involved a dual remand, because the district court in that case "remanded under sentence four *and* explicitly retained jurisdiction under sentence six," whereas in the present case "[n]o 'dual remand' was contemplated in the parties' stipulation, the Court's order granting it, or the Court's final judgment of voluntary remand pursuant to sentence four." *Id.* at 2–3 (citing *Zlotoff*, 2020 WL 4016223, at *9 n.10). Therefore, the Commissioner contends, the Court has "no jurisdiction to award attorney's fees under the EAJA." *Id.* at 3.

### D. Reply

In response, Ms. Gerrard again argues that the *Hart* court "retained jurisdiction over [Ms. Harrison's] case" because the "*Hart case* retains jurisdiction over all class members" and Ms. Harrison "is a class member of *Hart*." Reply (dkt. 57) at 1, 3. Additionally, Ms. Gerrard seems to argue that the facts that "the parties did not stipulate to a sentence six remand" and that sentence six was not referenced in the remand order are not dispositive in determining whether there was a "dual-remand" or whether Ms. Gerrard may apply for reimbursement under the EAJA for her work on remand. *Id.* at 2–3. Finally, citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996), Ms. Gerrard argues that the Commissioner "cannot prohibit dual remands independently." *Id.* at 2.

4

## III. ANALYSIS

### A. Legal Standards

#### 1. EAJA Fees in Social Security Cases

The Social Security Act, 42 U.S.C. § 405(g), authorizes an individual to seek judicial review in the district court "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." *Id.* If the individual prevails on such an action, the EAJA, 28 U.S.C. § 2412(d), requires the district court to award fees, expenses, and costs, "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust."

As is relevant here, "[t]he fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the exclusive methods by which district courts may remand to the Commissioner of [the] Social Security Administration." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala*, 509 U.S. at 296). Sentence four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Sentence six provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

*Id.* In brief, a "remand under sentence four is 'essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.' " *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (quoting *Akopyan*, 296 F.3d at 854). Meanwhile, "a remand under sentence

5

six can be ordered only in two particular instances: 'where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.' " *Id.* (quoting *Akopyan*, 296 F.3d at 854–55).

A request for fees, expenses, and/or costs under the EAJA must be made "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297). Also, a "plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees [pursuant to the EAJA, 28 U.S.C. § 2412(d)] . . . . even when the case has been remanded for further administrative action." *Id.* (citing *Schaefer*, 509 U.S. at 301–02). Accordingly, the Court previously awarded Ms. Gerrard $6,000 in attorney's fees and costs under the EAJA, 28 U.S.C. § 2412(a), (d), pursuant to the parties' stipulation filed within 30 days of the Court's remand order. Dkts. 47 (stipulation), 48 (order). "Unlike sentence four remands, sentence six remands do not constitute final judgments." *Akopyan*, 296 F.3d at 855. Because the statutory provision requires the Commissioner to return to the district court to make additional filings, the district court "retains jurisdiction over the case throughout the remand proceedings." *Jackson*, 99 F.3d at 1095 (citing *Melkonyan*, 501 U.S. at 98–99). Once "the court enters a final judgment, and the appeal period runs," the 30-day filing period begins. *Melkonyan*, 501 U.S. at 102.

    **2.**  **EAJA Fees for Work Performed on Remand in Social Security Cases**

In *Sullivan v. Hudson,* 490 U.S. 877, 892 (1989), the Supreme Court held that a district court could retain jurisdiction over a 42 U.S.C. § 405(g) remand and subsequently award fees under the EAJA, 28 U.S.C. § 2412(d), for work performed on remand at the administrative level. In *Shalala v. Schaefer*, 509 U.S. 292, however, the Supreme Court reconsidered *Hudson* and clarified that the district court in *Hudson* had erred by retaining jurisdiction over a sentence-four remand because "a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Id.* at 299 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624–25 (1990)) (alteration in original) (emphasis omitted). Accordingly, *Shalala* "limit[ed]"

6

*Hudson*'s holding—"that fees incurred during administrative proceedings held pursuant to a district court's remand order could be recovered under [the EAJA, 28 U.S.C. § 2412(d)]"—such that it "remains good law as applied to remands ordered pursuant to sentence six," but not to remands ordered pursuant to sentence four. *Id.* at 298, 300 n.4.

Subsequently, in *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996), the Eleventh Circuit held that "dual remands"—issued pursuant to both sentence four *and* sentence six of 42 U.S.C. § 405(g)—are consistent with the statutory language and Supreme Court precedents. As a policy matter, *Jackson* reasoned that, if "the ALJ clearly commits an error in the course of considering the evidence presented, and just as clearly there is also some new evidence that the claimant is entitled to have presented and considered, apart from any error by the ALJ," the district court should "remand for both purposes, in order to get everything right in one proceeding." *Id.* at 1095. Additionally, with respect to *Shalala*, *Jackson* concluded:

> The entry of judgment remanding the case does not end the jurisdiction of the district court, so long as a sentence-six ground for remand is included in the remand order. The entry of judgment at the time the case has been remanded reflects the fact that the case has been remanded on sentence-four grounds as well. *Schaefer*'s holding—that jurisdiction ends in district court after a remand based on sentence-four grounds alone—does not make the district court's retention of jurisdiction in a dual basis remand case illogical or improper.

*Id.* at 1097. Although the Ninth Circuit declined to address the propriety of dual remands in *Akopyan v. Barnhart*, 296 F.3d at 857, several district courts within this circuit have since issued dual remands upon finding that both sentences of 42 U.S.C. § 405(g) apply. *See, e.g.*, *Zlotoff*, 2020 WL 4016223, at *8–9; *Elizabeth H. v. Berryhill*, No. 6:17-cv-01679-CL, 2019 WL 2530439, at *12 (D. Or. Apr. 15, 2019); *Rangel v. Acting Comm'r of Soc. Sec.*, No. CV 16-0091-TUC (BPV), 2017 WL 4296667, at *5, 22 (D. Ariz. Sept. 28, 2017); *Walters v. Colvin*, 213 F. Supp. 3d 1223, 1232 (N.D. Cal. 2016); *Hadera v. Colvin*, No. C-12-5315 EMC, 2013 WL 4510662, at *10 (N.D. Cal. Aug. 22, 2013). For purposes of this motion, the Court, like the Ninth Circuit in *Akopyan*, "[a]ssum[es] without deciding" that dual remands are appropriate. *Akopyan*, 296 F.3d at 857.

### B. Ms. Gerrard is Not Entitled to EAJA Fees for the Work She Performed on Remand

To the extent Ms. Gerrard argues that fees should be awarded because the Court issued a "dual remand" pursuant to sentence four *and* sentence six of 42 U.S.C. § 405(g), the Court is not persuaded. As an initial matter, the Court notes that sentence six was not referenced in the parties' stipulation that the Commissioner's decision be reversed and that the case be remanded, the Court's remand order, or the Court's judgment. *See* Stipulation; Remand Order; Judgment. To the contrary, the parties submitted a proposed "Judgment for Voluntary Remand *Pursuant to Sentence Four* of 42 U.S.C. § 405(g)," and the Court adopted it. Dkt. 43-1 (italics added); Judgment (italics added). In its entirety, the judgement reads:

> The Court having approved the parties' Stipulation to Voluntary Remand *Pursuant to Sentence Four* of 42 U.S.C. § 405(g) and to Entry of Judgment ("Stipulation") lodged concurrent with the lodging of the within Judgment of Remand, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above-captioned action is remanded to the Commissioner of Social Security for further proceedings consistent with the Stipulation.

Judgment (italics added). Further, nothing in the stipulation, the remand order, or the judgment indicates that the Commissioner was required to return to the Court to make additional filings or that the Court otherwise intended to retain jurisdiction, as would have been the case with a sentence-six remand. *See* 42 U.S.C. § 405(g) ("[T]he Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision . . . ."). The Commission is therefore correct that "[n]o 'dual remand' was contemplated in the parties' stipulation, the Court's order granting it, or the Court's final judgment of voluntary remand pursuant to sentence four." Opp'n at 3.

To the extent Ms. Gerrard contends that fees should be awarded despite the fact that the Court issued a remand pursuant only to sentence four, the Court also rejects this argument. As explained above, the Supreme Court held in *Shalala* that a sentence-four remand constitutes a final judgment, and it would be error for this Court to subsequently retain jurisdiction and award Ms. Gerrard fees under the EAJA for the work she performed on remand. *See generally Shalala*, 509

U.S. at 298–300 & n.4; *see also Akopyan*, 296 F.3d at 857 ("[Plaintiff's] argument that the sentence four remand was somehow not a final judgment because it required further administrative proceedings has been squarely rejected by the Supreme Court.").

Finally, the Court considers Ms. Gerrard's contention that fees should be awarded under the EAJA for the work she performed on remand because the *Hart* court retained jurisdiction over Ms. Harrison's case. Ms. Gerrard is correct that, in its order approving the settlement agreement, the *Hart* court stated that it "reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class members, and Defendants for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Judgment." Mot. at 3 (quoting *Hart* dkt. 88 at 5). *If* the *Hart* court retained jurisdiction over Ms. Harrison's case by way of this order, however, its jurisdiction would be "exclusive" pursuant to the language of the order. Additionally, Ms. Gerrard fails to note that at the request of the *Hart* parties, the *Hart* court later struck the quoted language from its order "to avoid potential confusion" because the settlement agreement's enforcement provision states that *it* is the "exclusive process for remedying alleged violations of this Agreement."[4] *Hart* dkt. 90 at 5 (quoting *Hart* dkt. 79-1 at 33). Regardless of whether the *Hart* court retained jurisdiction over Ms. Harrison's case, this Court has found nothing in the settlement agreement or the *Hart* court's related orders that would authorize *this Court* to retain jurisdiction over Ms. Harrison's case to award Ms. Gerrard fees under the EAJA, 28 U.S.C. § 2412(d); therefore, it will not do so. *See Hart* dkts. 79-1, 88, 90. Moreover, there does not appear to be anything in the settlement agreement or the related orders that suggests that an individual class member may return to the *Hart* court to recover fees pursuant to the EAJA for work performed on remand at the administrative level. That issue, however, is not for this Court to adjudicate. The instant case was remanded pursuant only to sentence four, and no fees incurred on remand are available in this action.

---

[4] The *Hart* settlement agreement's enforcement provision (Section VI) requires the enforcing party to provide written notice to the other party, to meet and confer with the other party, and to request a mediation conference with an assigned Magistrate Judge before the enforcing party may file a motion to enforce the agreement with the *Hart* court. *Hart* dkt. 79-1 at 33–35.

## IV.   CONCLUSION

For these reasons, the motion is DENIED.[5]

**IT IS SO ORDERED.**

Dated:  October 20, 2020.

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[5] The parties agree that the Court's resolution of the present motion does not affect Ms. Gerrard's ability to seek an award of attorney fees under 42 U.S.C. § 406(a) for the work she performed on remand.  Mot. at 6; Opp'n at 3 n.2.

10